# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA ORTIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0159-CVE-FHM |
| | ) |
| CHARLES PERRY, | ) |
| MATTHEW POWELL, | ) |
| JACQUELYN PERRY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1), motion for leave to proceed in forma pauperis (Dkt. # 2), and motion for leave to file electronically (Dkt. # 3). Plaintiff Cynthia Ortiz, proceeding pro se, has filed a 96 page complaint alleging claims of breach of contract, intentional infliction of emotional distress, tortious interference, invasion of privacy, slander and defamation, conversion, negligence, and possibly a claim under 42 U.S.C. § 1983 alleging a violation of her First Amendment right of free speech. Dkt. # 1. Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

The Court will attempt to briefly summarize the allegations of plaintiff's rambling 96 page complaint.[1] Plaintiff alleges that she formerly worked as a political consultant and she served as the campaign manager for Jack Galloway in 2009. Dkt. # 1, at 7. She was introduced to Galloway's friend, Charles Perry, and Perry began to make unwanted romantic advances to plaintiff. Id. at 8. She claims that Perry began to stalk her and people came to believe that they were having an affair, and plaintiff was concerned that this would negatively affect her business. Id. at 10. In 2012, plaintiff abandoned her career as a political consultant in attempt to avoid Perry's harassment, and she obtained work selling medical supplies. Id. at 11. However, this did not stop the harassment and she moved to Dallas, Texas. Id. She claims that she began working in the adult entertainment business on the belief that Perry would no longer want to associate with her to avoid harming his own reputation. Id. at 12. Perry continued to harass plaintiff and she moved to Oklahoma, and she sought a protective order against Perry in Oklahoma state court. Id. at 16. Plaintiff's request for a protective order was denied, but she believed that Perry would attempt to retaliate against her for seeking the protective order. Id.

In January 2016, plaintiff claims that she was approached at work by Dave Roberson, who identified himself as a "hitman" working on behalf of Perry. Id. at 17. Roberson allegedly threatened to kill plaintiff and plaintiff claims that Roberson was poisoning her drinks at the night club where she worked. Id. at 18. Plaintiff filed a police report with the Tulsa Police Department concerning her allegations that she was being poisoned. Id. at 19. She claims that Perry encouraged Matthew Powell, the Lubbock County District Attorney, to file criminal charges against her in

---

[1] Plaintiff cites numerous exhibits in her complaint, but no exhibits are actually attached to the complaint. The Court's summary of the complaint relies solely on her allegations without any reference to external documents.

2

retaliation for filing a police report and she was arrested, and she states that she was arrested to prevent the TPD from obtaining evidence that would confirm that she was poisoned by Perry or his associates. Id. at 20-23. Plaintiff claims that Perry and Powell challenged her mental competency to stand trial in an effort to prove that she suffered from a mental illness, and Perry allegedly made statements to the police and media suggesting that plaintiff's mental illness was causing her to believe that she was being stalked by Perry. Id. at 26-27. Plaintiff was released on bond and she states that one of her bond conditions was that she and Perry have no contact with one another, but she claims that Perry has repeatedly threatened her since she was released. Id. at 27-28. Plaintiff's conditions of pretrial release also required her to visit Jeannie Russell, Ed. D., twice per month for counseling, and plaintiff states that Dr. Russell reported that plaintiff was "intelligent, honest, and all her actions indicate she had done everything in her power to get away from [Perry] . . . ." Id. at 30. The criminal charges against plaintiff were dismissed in June 2017. Id.

This is not the first lawsuit filed by plaintiff arising out of her allegations that she has been harassed by Perry and Powell. Plaintiff previously filed a case in the Northern District of Oklahoma alleging claims against Perry, Powell, Roberson, and Joshua Burson primarily related to her alleged wrongful arrest. Cynthia Ortiz v. Charles Perry et al., 17-CV-489-JHP-JFJ (N.D. Okla.). The complaint in case no. 17-CV-489 contains all of the allegations of the complaint in this case. Plaintiff sought a preliminary injunction preventing the defendants from contacting her, and she filed numerous motions to compel discovery. Plaintiff's filings were voluminous, repetitive, and often harassing in nature. The defendants filed motions to dismiss and motions to transfer the case to the United States District Court for the Northern District of Texas. The Honorable James H. Payne transferred the case to the Northern District of Texas, and plaintiff's appeal of the transfer order was

later dismissed by the Tenth Circuit Court of Appeals. The defendants renewed their motions to dismiss following the transfer, and Perry also filed a motion for sanctions detailing plaintiff's harassment of him during the litigation. The judge performed a screening under § 1915(e) and found that plaintiff's claims were "frivolous, without merit, fanciful, conclusory and speculative." Cynthia Ortiz v. Charles Perry et al., 18-CV-137-C, Dkt. # 180, at 2 (N.D. Tex. Dec. 7, 2018). Plaintiff's state law claims were dismissed without prejudice to refiling, but her federal law claims were dismissed with prejudice. Id.

Plaintiff already had another lawsuit pending when her case in the Northern District of Texas was dismissed. On June 28, 2018, plaintiff filed a 71 page petition in Tulsa County District Court alleging claims against Perry, Powell, Burson, Roberson, and BiCentennial, Inc. concerning Perry's alleged stalking of her. She alleged claims of false arrest or imprisonment, tortious interference, malicious prosecution, assault and battery, intentional infliction of emotional distress, negligence, and slander. Powell removed the case to federal court on the basis of federal question jurisdiction, and the case was assigned to the Honorable Gregory K. Frizzell. Cynthia Ortiz v. Charles Perry et al., 18-CV-532-GKF-JFJ (N.D. Okla.). The defendants filed motions to dismiss, and plaintiff filed a motion to remand the case to state court. Judge Frizzell determined that the case was properly removed to federal court, but that the dismissal with prejudice of plaintiff's federal law claims in the Northern District of Texas precluded her from relitigating those claims in a second lawsuit. Cynthia Ortiz v. Charles Perry et al., 18-CV-532-GKF-JFJ, Dkt. # 52, at 15 (N.D. Okla. Feb. 1, 2019). Judge Frizzell dismissed plaintiff's federal law claims and remanded the case to state court. Id. at 17. The Court has reviewed the publicly available docket sheet for plaintiff's state court case, and the case remains pending and both plaintiff and defendants have filed numerous motions.

A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has conducted a screening of plaintiff's complaint and finds that in most aspects this case is simply an attempt to relitigate claims that were dismissed in the Northern District of Texas or that still remain pending in Tulsa County District Court. The Court exercises its authority under § 1915(e) to dismiss plaintiff's claims to the extent that such claims are duplicative of claims that were previously dismissed with prejudice or that are pending in plaintiff's current state court lawsuit, because it appears that this case was filed primarily to harass defendants with additional or

5

duplicative litigation. The Court finds only one substantial difference between this case and plaintiff's prior lawsuits arising out of the same facts. Plaintiff alleges a claim of negligent infliction of emotional distress against Jacquelyn Perry, Charles Perry's wife, who has not been named as a defendant in plaintiff's state court case and plaintiff has not previously asserted claims against Jacquelyn Perry. Plaintiff's claim of negligent infliction of emotional distress against Jacquelyn Perry is based on plaintiff's allegations that this defendant had a duty to be a "better wife" and should have restrained her husband from stalking plaintiff. Dkt. # 1, at 69-70. The Oklahoma Supreme Court does not recognize negligent infliction of emotional distress as an independent tort, but a plaintiff may obtain emotional distress damages as part of a standard negligence claim. Ridings v. Maze, 414 P.3d 835, 837 (Okla. 2018). A plaintiff must establish that the defendant had a duty to protect plaintiff from injury, that the defendant failed in that duty, and that plaintiff suffered an injury from the defendant's failure. Id. at 838. Plaintiff has cited no authority that a wife has a duty to restrain her husband from harassing third parties or that a wife can be held liable for her husband's intentional misconduct to third parties. Plaintiff's claim of negligent infliction of emotional distress against Jacquelyn Perry has no basis under Oklahoma law, and this claim should be dismissed for failure to state a claim upon which relief can be granted. The Court finds that plaintiff's claims are subject to dismissal under § 1915(e) as "frivolous or malicious" for duplicative or previously dismissed claims and for failure to state a claim as to plaintiff's claim of negligent infliction of emotional distress against Jacquelyn Perry. Following the Court's screening under § 1915(e), the Court finds that there are no claims remaining for adjudication and the case should be dismissed in its entirety.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Dkt. # 2) and motion for leave to file electronically (Dkt. # 3) are **moot**.

**DATED** this 29th day of March, 2019.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE